Judge Ewing
delivered the Opinion of the Court.
A bill of review, for errors on the face of the record, -was filed by Margaret Peyton, against McDowell and Kenny, to correct a decree previously obtained by them against her, de bonispropriis, on a bill filed by them against her, as the administratrix of her deceased husband, James Peyton. After the case had progressed for some time, the complainant filed an amended bill, setting forth that, ,at the November term, 1826, a decree (which is replete with errors) was rendered against her, in favor of McDowell and Kenny. That at the same term, said decree was set aside, on the motion of the complainants -7 and at a subsequent term, the following order was made: “ By consent of parties, it is ordered that the order setting aside the decree herein, be set aside, and that said decree stand and be in full force as originally rendered;” and charging that she never appeared to said suit, or made any consent to said decree, or knew any thing of it, and the same was a fraud on. her.
Margaret Peyton having died, an attempt was made to revive the same in the name of Shaw, her administrator, at the November term, 1833, by the following order:— “The complainant having departed this life, by consent of parties, it is ordered that the cause be and stand revived in the name of James Shaw, administrator of the decedent.”
Process never having been served on Kenny, nor he appearing to the case, the Court tried the cause on the merits, dismissed the bill absolutely, and decreed costs and damages against the complainant, in his own right.
A decree against an administrator complainant, for damages 8f costs de bonis propriis, is erroneous. No costs— not even of the estate of the decedent — can be given against an executor or administrator, who fails in his suit, unless he sued wantonly, or is guilty of some wilful default.
There seem to be merits in the complainant’s bill, if properly made out and sustained; and in such case, Kenny not being before the Court, it was error to dismiss the bill absolutely. It should have been dismissed without prejudice, or time given, at the discretion of the Chancellor, to bring him before the Court.
If this were the only error, this Court would, according to its present practice, reverse the cause, and remand it with instructions to give leave to bring Kenny before the Court in reasonable time; and if not done, to dismiss the bill, without prejudice, and might, in its discretion, require each party to pay their own costs in this Court. 1 Monroe, 240, Hackwith vs. Damron, &c.; 1 J. J. Marshall, 415, 429, Thompson vs. Clay, &c.; 2 Bibb, 316, Barry vs. Rogers.
But the Court has committed a palpable error in decreeing damages and costs against the complainant Shaw, the administrator of Peyton, de bonis propriis.
First. Because,the suit was not properly-revived in his name, as administrator of Margaret Peyton. If a complainant dies, the only regular, mode recognized by law to revive, is by bill of revivor. If it could be done without bill, it must surely appear by the order, that the administrator appeared in court, and consented to the same. The terms, “ by the consent of parlies,” used in the order of revivor in this case, do not import, that the administrator consented, for he was not then a- party.
But, second, if he were a party complainant, he was a party in his fiduciary character, as administrator of Margaret Peyton, deceased, and was prosecuting the suit as such; and a decree-, for damages and costs should not have been given against-him, de bonispropriis. Indeed, it was error to decree costs against him in his individual, or fiduciary, character. For it is well settled, that where an executor or administrator sues in-his representative character, on a liability to the decedent, that he is not responsible for costs, either out of his- own estate, or that- of the decedent, when he has not-been guilty of wantonly bringing a wrong action, or of some wilful default. 2 J. J. Marshall, 501, Hutchcraft's Executor vs. Gentry &c.; 3 Burrow, 1451, 1534; Sayer's Law of Costs, 87.
*316 It is, therefore, decreed by the Court, that the decree of the Circuit Court be reversed, the cause remanded for other steps to be taken, not inconsistent with this opinion; and that the plaintiff in error recover his costs in this Court. «